April 1, 2025

Steven Dolson, Chapter 7 Trustee
Cortland Standard Printing Company, Case No. 25-30194
The Law Offices of Steven R Dolson PLLC
6320 Fly Road
Suite 201
East Syracuse, NY 13057
sdolson@dolsonattorneys.com

**Re:   Non-Binding Letter of Intent, Assets of Cortland Standard Printing Company, Case No. 25-30194**

Dear Steven:

On behalf of Sample News Group ("SNG"), I am pleased to provide this Letter of Intent (this "Letter"), which sets forth certain non-binding understandings and certain limited binding agreements regarding a potential transaction (the "Potential Transaction") pursuant to which SNG would acquire substantially all of the assets and business operations of Cortland Standard Printing Company, a debtor in a pending chapter 7 proceeding ("Seller"). We believe that such a transaction represents an opportunity for the continued operation of a historically significant newspaper, *The Cortland Standard*, and an opportunity to provide employment to experienced former employees of Cortland Standard Printing Company. We are prepared to work quickly toward completing the acquisition.

Except as set forth in paragraph 9 hereof, this Letter is non-binding, and SNG's willingness to enter into and consummate the Potential Transaction is subject to, among other things, completion to SNG's sole satisfaction of a due diligence review of Seller's assets, negotiation of a mutually agreeable definitive purchase agreement (a "Definitive Agreement") among SNG or its subsidiary (the "Buyer") and Seller, through you as Chapter 7 Trustee (the "Trustee"), and related documents, and approval of SNG's senior management. The general terms and conditions of the Potential Transaction would include the following:

**(1)** **Assets to be Acquired**. Based on the information that we have received to date, and subject to the conditions set forth in this Letter, the Buyer, would, upon the closing of the Potential Transaction (the "Closing"), acquire, free and clear of any and all indebtedness, liens, claims, or encumbrances, substantially all of the assets and business operations of Seller (the "Acquired Assets"), including, without limitation:

    A. All tangible personal property of the Seller, including but not limited to, all automobiles, vehicles, machinery, equipment, telephone systems, computers, furniture, tools and dies, including those listed on **Exhibit A.**

    B. All printing inventory and supplies, including newsprint, ink, twine, photographic supplies and art supplies owned by Seller as of the opening of business on the day immediately following the Closing.

21433654

Cortland Standard Printing Company  LETTER OF INTENT
April 1, 2025

- C. All Intellectual Property and goodwill associated with the Publications, including but not limited to addresses and domain names, licenses and sublicenses granted and obtained with respect thereto, and rights thereunder, remedies against infringements thereof, and rights to protection thereof, including but not limited to the web domain names and rights to www.cortlandstandard.com and others that may be held by the entity, any logos or names that may be trademarked or copyrighted;

- D. The library or "morgue" of the Publications, currently in the possession of Seller, all files of clippings, photographs (negatives and positives) and related publication material, together with all bound file and file copies of the publications, including but not limited to all archives in print and digital format from June 25, 1867;

- E. all Assumed Contracts and rights thereunder, including but not limited to vendor agreements for news syndication services, web publishing and related services and news production services;

- F. all franchises, approvals, permits, licenses, orders, registrations, and similar rights obtained from any Governmental Authority with respect to the Seller's business, to the extent assignable, including postal permits;

- G. all of the books of accounts, general, financial and personnel records, ledgers, invoices, files, documents, correspondence, shipping records, supplier lists, customer lists and other lists, plats, architectural plans, drawings, service manuals and specifications, creative materials, advertising and promotional materials, studies, reports, and other printed or written materials relating to the business and operations of the Seller, including but not limited to active and inactive subscriber lists and databases;

- H. all information in Vision Data relating to active subscriber list at time of bankruptcy, active retail location (single copy) list at time of bankruptcy, and active advertising customer list at time of bankruptcy;

- I. all of Seller's computer software and programs and any rights thereto owned or leased by Seller, to the extent assignable; and

- J. all equipment and supplies of the Seller.

**(2) Excluded Assets**. Seller will retain, and will not sell to the Buyer in the Potential Transaction, (a) all cash and cash equivalents possessed at the Closing, (b) all taxpayer and other identification numbers, and minute books, stock transfer books and other documents relating to the organization, maintenance, and existence of Seller as a corporation, (c) all accounts receivable, and (d) Goss Urbanite Press.

**(3) Liabilities to be Assumed**. The Buyer will assume and agree to pay and/or perform such ordinary course accounts payable and operational liabilities of Seller as are mutually agreed upon by the Buyer and Seller in the Definitive Agreement, and that are required to be performed, and that accrue, after the Closing. The Buyer will not assume any other liabilities or obligations of Seller, including, without limitation, any long-term debt of

21433654

Cortland Standard Printing Company                                           LETTER OF INTENT
April 1, 2025

Seller, any obligations for unfilled customer orders for which deposits or advance payments are not included in the acquired assets, or any liabilities or obligations relating to Seller's taxes, employees, or under any environmental laws.

**(4)** **Purchase Price**. Based on the information that we have received to date, the purchase price for the Acquired Assets (the "Purchase Price") will be payable as follows: (i) at Closing, the Buyer will pay Fifty Thousand and no/100 Dollars ($50,000) in immediately available funds.

The amount of the Purchase Price is subject to, among other things, completion by SNG of its due diligence investigation of Seller and its evaluation of the business of Seller and the quantity and quality of the assets to be transferred at Closing. In addition, if SNG's due diligence investigation identifies significant contingent liabilities, or if the Acquired Assets (including the terms and provisions of any contracts and leases) are not in the form expected by SNG, SNG may propose additional terms.

To refine our analysis and to validate our assumptions, SNG will need prompt and full access to additional information regarding Seller, its assets and its business. Following receipt of a signed copy of this Letter, SNG will provide a short due diligence request list to the Trustee that will include confirmation of the location and availability of the Acquired Assets. SNG intends to devote substantial resources to the due diligence process and to complete its formal evaluation as soon as reasonably practicable. SNG understands that the Trustee will be considering this Letter in the context of Seller's Chapter 7 case and will require approval from the United States Bankruptcy Court for the Northern District of New York prior to any Closing.

Seller further agrees that promptly following signing of this Letter, Seller will apply for tax clearance certificates or other similar documents from the appropriate taxing authorities in any jurisdictions in which the Acquired Assets are located or in which Seller is subject to any taxes, including, without limitation, sales taxes.

**(5)** **Definitive Agreement**. The Buyer or its legal counsel will prepare and deliver drafts of the Definitive Agreement and related documents to Seller, and the parties will proceed promptly to negotiate the Definitive Agreement and such related documents.

(a)   The Definitive Agreement will contain such representations and warranties by the Trustee regarding Seller's business as are customary in a transaction of this nature.

(b)   In addition to the other conditions specified in this Letter, the obligations of the Buyer, on the one hand, and Seller, on the other hand, to consummate the Potential Transaction will be subject to the satisfaction of various customary closing conditions, including, without limitation: (i) the accuracy of the representations and warranties made in the Definitive Agreement; (ii) performance and compliance by the other with all agreements and conditions required to be performed or complied with by it or them prior to Closing; (iii) receipt of all necessary consents, approvals and releases of governmental bodies, lenders, lessors, licensors, creditors and other third

21433654

Cortland Standard Printing Company     LETTER OF INTENT
April 1, 2025

       parties; (iv) delivery by Seller of a customary legal opinion, closing certificates and other documentation; and (v) the absence of any material adverse change with respect to Seller, its business (including the operation, condition or prospects thereof or liabilities relating thereto) or its assets between the date of the Definitive Agreement and the date of Closing.

     (c)     The Definitive Agreement will provide for 60 days for SNG to remove the equipment.

**(6)**     **Costs and Expenses**. SNG, on the one hand, and Seller through the Trustee, on the other hand, will each bear their respective costs and expenses, including attorneys' fees, accountants' fees and investment banking fees and expenses, incurred in respect of the Potential Transaction, whether or not the Potential Transaction (or any transaction) is consummated.

**(7)**     **Choice of Law**. This Letter and any matters relating to it will be subject to and interpreted in accordance with the laws of the State of New York, without regard to conflict of law principles. Any disputes arising in connection with this Letter shall be resolved by submission to binding arbitration in accordance with the rules of the American Arbitration Association, with any such arbitration held in Onondaga County, New York, USA. The Definitive Agreement and all ancillary agreements thereto shall be governed by New York law. Each party shall bear its own expenses related to the arbitration proceeding, including costs, expenses, and reasonable attorney's fees and judgment upon the award may be entered in any court of competent jurisdiction.

**(8)**     **No Third Party Beneficiaries**. This Letter is for the benefit of the Buyer and Seller only, and there are no third party beneficiaries of this Letter. Only the Buyer and Seller shall be entitled to enforce the binding terms of this Letter.

**(9)**     **Non-Binding**. The purpose of this Letter is to outline the Potential Transaction in general terms and to confirm the parties' intentions to proceed with further discussions. It does not purport to include all of the essential or material terms of the Potential Transaction.

**This Letter does not constitute an offer by SNG to purchase, or an offer by Seller to sell, any of the Seller's equity or assets. No contractual or other legally binding obligation will be deemed to exist among the parties regarding the Potential Transaction unless and until the parties execute and deliver definitive and final agreements regarding the Potential Transaction, and then only in accordance with the terms of such definitive and final agreements. The failure to execute and deliver definitive and final agreements shall not impose any liability on any of the parties, their respective subsidiaries or other affiliates, and no party may seek damages against the other for the failure or alleged failure to negotiate a definitive agreement in good faith. No party may rely on any promises that are inconsistent with this paragraph.**

Notwithstanding the immediately preceding paragraph, the parties hereby agree that the provisions of paragraphs 6 (Costs and Expenses), 7 (Choice of Law), 8 (No Third Party

21433654

Cortland Standard Printing Company  LETTER OF INTENT
April 1, 2025

Beneficiaries), 9 (Non-Binding), and 10 (Miscellaneous) of this Letter (the "<u>Binding Provisions</u>") shall be binding upon the parties.

**(10)** **<u>Miscellaneous</u>**.  Except as otherwise provided herein, this Letter may be amended or modified only by a writing executed by SNG and Seller, through the Trustee. This Letter may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. This Letter is not assignable by any party without the written consent of the others, except that SNG may assign some or all of its rights hereunder to the Buyer.

If the foregoing is acceptable, please so indicate by signing the enclosed copy of this Letter and returning it to me by no later than 5:00 pm, Eastern Time, on April 4, 2025.

Best Regards,

Sample News Group

By: _____
George Sample

**Accepted and agreed:**

**Steven Dolson, As Chapter 7 Trustee**
**Cortland Standard Printing Company**

By:_____

Name:_____

Title:_____

Date:_____

21433654

Exhibit A – Personal Property

- 20-25 computers (a mix of laptops and desktops). A handful of the laptops were just upgraded within the last year.
- Apple computers in the art room (unknown if they work).
- A large business printer/copier.
- Servers – One for internal use, another for Vision Data (fulfillment systems)
- Router
- Approximately 4-5 standard printers.
- Approximately 25 desks.
- 2 breakroom tables with four chairs.
- 3 microwaves/ 3 refrigerators
- Large wooden conference table with 10 wooden chairs.
- Medium sized antique wooden table in the conference room.
- Several antique filing cabinets and storage units.
- Press, paper, tools and a other printing supplies in the basement and pressroom area – excluding press itself.
- 2 supply/paper closets with office supplies.
- Antique press manufactured in Oswego, NY circa 1800's
- The 3rd floor has several antique pieces.
- Hand trucks, pallet jacks.

21433654